Argued March 5, affirmed April 22, 1964

# QUILLIN ET UX v. PELOQUIN
391 P. 2d 603

*Anthony Pelay, Jr.,* Portland, argued the cause and submitted the brief for appellant.

*Clyde R. Richardson,* Portland, argued the cause for respondent. On the brief were Wheelock, Richardson & Niehaus, Portland.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the defendant from a judgment in the sum of $3,422.20 which the circuit court entered in favor of the plaintiffs who are husband and wife. The judgment is based upon findings of fact and conclusions of law. The action out of which this appeal arose was predicated upon a written contract entitled Earnest Money Receipt which was signed by the parties concurrently with the sale by the defendant to the plaintiffs of a new dwelling house which the defendant had constructed. Although the purchase

price of the property is immaterial, its amount was $22,000.

The defendant was the scrivener of the earnest money receipt. He employed in the main for his purposes a printed form but wrote by his own hand much of the instrument. The entry made by the defendant which led to the institution of this action reads as follows: "Seller guarantees no expense to purchaser for retaining wall, if such becomes necessary."

The defendant (appellant) submits only one assignment of error. It reads:

"The trial court erred in deciding the cause in favor of the plaintiffs-respondents and against the defendant-appellant."

An all-embracing broadside of that kind, which would serve equally well in any and all kinds of cases and which could be deemed a universal assignment of error, does not meet the demands of Rule 19 of this court which states:

"The assignments of error must be specific. * * * Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered."

That rule plainly contemplates that the appellant must place his finger upon some specific judicial ruling and challenge it as error.

The appellant (defendant), however, submits the following as "points":

1. "The court cannot write a contract for the parties. When the parties have not by contract or implication agreed upon the essential terms of the contract, the court cannot supply them."

2. "In actions at law there must be a pleading to support the judgment."

3. "Where the error is so palpable and so prejudicial to the rights of the defendant that the court considers it their duty to notice it, under authority reserved to the appellate court by rules of the Supreme Court."

4. "An examination of the Oregon cases shows that a party does not irretrievably lose his right to move for a new trial by failure to act when the error occurs."

We have quoted the sentence of the earnest money receipt which became the piece de resistance of this case. The defendant concedes that he was its author. There can be no doubt upon that score. As a witness, the defendant, referring to the time immediately before the earnest money receipt was signed, testified: "I said if a wall became necessary that I would put it in." Shortly he added: "If I did think it was necessary, I would have put one in there, but it wasn't necessary to put it in." He also testified: "I don't recall that I ever said I wouldn't put in a retaining wall."

3. The findings of fact state:

"A retaining wall has become necessary upon the premises purchased by plaintiffs and which, in accordance with the agreement of the parties, was to be at the expense of the defendant."

That finding settles the issue. It has the effect of a jury's verdict.

We will spend a moment upon the four points just quoted. The first of them manifest concern lest the court undertake to write a contract for the parties. We observed that it was the defendant himself who wrote the part of the contract which preceded the filing of this case. The construction of contracts is always for the courts. Ambiguities are resolved against

the artless writer: *Cimarron Insurance Co. v. Travelers Ins. Co.,* 224 Or 57, 355 P2d 742.

■ The defendant's second point is: "There must be a pleading to support the judgment." The complaint was not challenged by motion or demurrer; we think that it properly states a cause of action.

■ The third point appears to be incomplete. We do not know what "error" the defendant has in mind.

In the fourth point the defendant states that the right to move for a new trial is never irretrievably lost. The defendant has not moved for relief of that kind.

The difficulty that led to the institution of this law action was the fact that the rear of the lot sloped sharply down to a level upon which other houses stood. The plaintiffs moved upon the property in September of 1960. At that time no landscaping had been done and the soil was in rough condition. When the fall rains came little rivulets formed and before long a ravine or gully of some size developed upon the sloping land. The plaintiffs became alarmed as their soil was disappearing and as inroads were being made up to a patio that stood upon the land above the slope. Seemingly, a neighbor whose home stood upon the lower level made complaint of the invasion of his property by the plaintiffs' fugitive soil. Thus, there developed the necessity mentioned in the finding of fact that we have quoted.

The judgment of the circuit court is affirmed.