Argued September 11, 1973, affirmed January 24, 1974

# EMERSON, *Appellant, v.* WESTERN PHOTO-MOUNT CO. ET AL, *Respondents.*

518 P2d 171

*John J. Haugh,* Portland, argued the cause for appellant. With him on the briefs were O'Connell, Goyak & Haugh, P.C., Portland; Donald A. Buss, and Buss, Leichner, Lindstedt, Barker & Buono, Portland.

*Nathan J. Heath,* Portland, argued the cause for respondents. With him on the brief were White, Sutherland, Parks & Heath, Portland.

BRYSON, J.

Plaintiff brought this action to recover damages for personal injuries sustained when she fell on the deck of defendant's boat.[1] Defendant Dailey permitted

---

[1] The boat was owned by Western Photo-Mount Co. and leased to defendant Dailey, president of Western. The trial court found that "Western Photo-Mount Co. was not legally responsible for the conduct of the defendant John L. Dailey." Plaintiff does not challenge that conclusion. We treat defendant Dailey as the only defendant-respondent before this court.

plaintiff's 15-year-old son, Martin Emerson, to operate defendant's 35-foot Chris Craft power boat. When Martin abruptly turned the boat to avoid a log, plaintiff lost her balance, fell, and was injured. The trial court, sitting without a jury, found for the defendant and entered judgment accordingly. The plaintiff appeals.

The sole assignment of error is, "The trial court erred in holding that the defendant was not negligent and that the defendant's negligence was not a proximate cause of plaintiff's injury."

■ The trial court reached its conclusions on the basis of conflicting evidence. We review the evidence in the light most favorable to the defendant, who is entitled to the benefit of all favorable evidence and inferences which may be reasonably drawn from such evidence. *Cronn v. Fisher,* 245 Or 407, 416, 422 P2d 276, 280 (1966) ; *Krause v. Eugene Dodge, Inc.,* 265 Or 486, 490, 509 P2d 1199 (1973).

On April 15, 1970, defendant Dailey invited six people, including plaintiff and her son Martin, for a cruise on his 35-foot cabin cruiser. The party boarded the vessel at 1 p.m. and headed down the Willamette River near Portland. The weather was clear, the water was calm, and there was very little traffic on the river. After a time, Dailey turned the boat around to return to the dock.

During the trip Martin Emerson had been inquisitive about the operation of the boat. On the way back to the dock, defendant Dailey asked Martin if he would like to operate the boat and Martin replied that he would. Dailey explained the operation of the boat controls to Martin and told him to watch out for logs. Dailey then turned the wheel over to Martin and super-

vised his operation of the boat for a short time. The boat speed was approximately 10 knots per hour. Dailey then stepped into the cabin, leaving Martin to operate the boat.

Shortly thereafter Martin observed what appeared to be a log in front of the boat and immediately turned the wheel to avoid the log. Martin's mother, plaintiff in this action, was walking on the aft boat deck and she lost her balance when Martin turned the wheel, and she suffered injuries when she fell to the deck.

The trial court made the following relevant findings:

"II

"That on April 15, 1970, defendant Dailey turned the wheel of said power boat over to one Martin W. Emerson, age 15; that Martin W. Emerson turned said vessel to the left, suddenly and abruptly, and the plaintiff fell to the deck of the vessel as a proximate result of the turn and that said turn was made without warning to the plaintiff; that plaintiff sustained injuries as a result of the fall.

"V

"Plaintiff failed to prove by a preponderance of the evidence that defendant John L. Dailey was guilty of any negligence which proximately caused plaintiff's accident."

Plaintiff contends that "Marty's [Martin's] conduct, as described by the findings of the trial court, clearly constituted negligence. Marty [Martin], as the operator of the boat, owed a duty to others to avoid injury. This duty was breached by Marty's [Martin's] turning suddenly, abruptly, and without warning," and therefore defendant Dailey was responsible for plain-

tiff's injuries. We do not agree. The court did not find that Martin's abrupt turning of the vessel to the left was negligence under the circumstances.

■ The rule setting forth the standard of care to be observed by one who supplies a chattel to a youthful user is stated in Restatement (Second) of Torts § 390 (1965):

> "One who supplies * * * a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, *to use it in a manner involving unreasonable risk of physical harm to himself and others* whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." (Emphasis supplied.)

■ Implicit in the imposition of liability on one who supplies a chattel to an inexperienced or youthful user is the element of fault on the part of the user of the chattel. The plaintiff's brief agrees with this proposition and states, "[i]f the operator was not negligent in his operation of the vessel, the owner is generally absolved from liability." The injury must be proximately caused by the negligence of the person to whom the chattel has been entrusted. This principle of vicarious liability, most often invoked in connection with automobile accident cases, has been stated as follows:

> "The liability of an owner knowingly intrusting a vehicle to an incompetent driver extends to all injuries naturally and probably resulting from the driver's recklessness or incompetency. On the other hand, the owner will be held liable under the rules stated in this section only if the incompetency, recklessness or incapacity of the person to whom the vehicle was intrusted is the proximate cause of

injuries to another. * * *" 6 D. Blashfield, Automobile Law and Practice § 254.22 at 373-74 (3d ed 1966).

*Accord,* W. Prosser, Law of Torts 482 (4th ed 1971); Annot., 13 ALR 1364, 1369 (1921). Under the facts of this case, the same principle is properly applied where the owner of a power boat permits a youthful or inexperienced person to operate a boat.

■ In meeting the burden of proof on the issue of proximate cause, it was incumbent on plaintiff to prove by a preponderance of the evidence that her injuries were the result of the incompetent or negligent operation of the boat by Martin Emerson. The question of causation in fact is for the trier of fact when there is conflicting evidence on the issue. *Hills v. McGillvrey,* 240 Or 476, 482-83, 402 P2d 722 (1965).

■ An act done without the necessary competence may be negligent but it is not necessarily so. "Even an incompetent man may * * * escape liability, if by good luck he acts in the same manner as that in which a competent person would act." Restatement (Second) of Torts § 299, Comment *c* (1965). The record contains evidence that Martin Emerson may have been acting reasonably and competently in maneuvering the boat as he did to avoid striking the log and causing serious damage or injury to the boat and passengers.

Defendant Dailey, an experienced power boat operator, testified, by deposition received as evidence, that when he is operating the boat and sees a log in the boat's path he makes a gradual turn to avoid it. If the log appears suddenly or "bounces up at you" in the boat's course, he would turn sharply to avoid it.

■ Shortly after assuming control of the boat, Martin Emerson saw a log in the boat's path and turned

the wheel to avoid it. Although there was conflicting evidence on the severity of the turn, there was no evidence that the turn which Martin executed, although abrupt, was unreasonable or unnecessary in order to avoid the log. No person except Martin saw the log. Martin was never asked, nor did he state, the distance between the log and the boat at the time he saw the log and made the turn.

Plaintiff had the burden of proving that Martin's operation of the boat and making the turn was incompetently or negligently performed. Since the evidence does not show that plaintiff's injuries were the result of incompetence or negligence on the part of Martin, the act of defendant Dailey in permitting Martin to operate the boat did not proximately cause plaintiff's injuries. There is substantial evidence to support the trial court's finding to this effect.

Affirmed.