Argued January 7, affirmed February 27, 1975

HASSAN, *Appellant, v.* GUYER, *Respondent.*
532 P2d 227

*Kenneth A. Holmes,* Salem, argued the cause and filed a brief for appellant.

*Glen McClendon,* Portland, argued the .cause for respondent. With him on the brief were Jonathan A. Ater, and Lindsay, Nahstoll, Hart, Duncan, Dafoe and Krause, Portland.

BRYSON, J.

This is an action to recover on four promissory notes executed and delivered by defendant to plaintiff. Defendant counterclaims for certain sums of money arising out of his alleged contract of employment with plaintiff. The case was tried before the court without a jury. The court entered findings of fact and judgment in favor of defendant on his counterclaim. Plaintiff appeals.

Plaintiff is the sole shareholder of Hassan Enterprises, Inc., a land development corporation doing business in the Pacific Northwest. Defendant was employed by plaintiff. The two had known and respected each other for a period of eight years.

In the spring of 1972 the parties discussed the possibility of defendant being employed by plaintiff as an administrative assistant to plaintiff. At the time, defendant was living in California. Although there

is a conflict of testimony pertaining to the exact amount of expenses, salary, bonus, and housing benefits in connection with defendant's employment, the evidence is clear that plaintiff offered and defendant accepted employment. There was no written employment agreement.

In June of 1972 defendant moved from California to Oregon where he was briefly employed by plaintiff as an "Executive Vice-President." When plaintiff commenced this action to recover payment on the four notes, the defendant counterclaimed for his unpaid moving expenses, salary, bonuses, and housing expenses.

A major issue at trial was whether defendant was employed personally by plaintiff or by the corporation. The sums of money advanced by the plaintiff to the defendant represented by the promissory notes are in the name of the plaintiff personally, not his corporation. The evidence indicates that negotiations between the parties regarding defendant's employment was of a personal nature. The only witnesses called to testify were the plaintiff and the defendant. The trial court reached its conclusions on the basis of conflicting testimony.

After both parties rested, the trial court found in favor of the plaintiff in the amount of $8,000, representing the face value of the promissory notes together with interest thereon, and in favor of defendant on his counterclaim[1] in the sum of $8,733.59. Net judgment was entered for defendant in the amount of $368.90.

---

[1] There is no specific apportionment of the award but we can reasonably assume the following from the record: $1,423.59 for moving expenses, $2,310 for salary, and $5,000 as a special moving bonus.

■■ Since plaintiff appeals from the findings of the trial court sitting without a jury, the scope of our review is limited to the narrow issue of whether there is any substantial evidence to support the trial court's findings. *Krause v. Eugene Dodge, Inc.*, 265 Or 486, 490, 509 P2d 1199 (1973); *Hawkins v. Teeples and Thatcher*, 267 Or 151, 157-58, 515 P2d 927 (1973). In addition, we consider the evidence and all favorable inferences which may be reasonably drawn from such evidence in a light most favorable to the defendant. *Krause v. Eugene Dodge, Inc., supra; Emerson v. Western Photo-Mount Co.*, 267 Or 562, 564, 518 P2d 171 (1974).

Plaintiff first assigns as error the trial court's finding that plaintiff promised to pay defendant $5,000 as a special moving bonus. Plaintiff contends there is "a total lack of any competent, substantial evidence presented to support this finding."

The evidence disclosed that plaintiff and defendant held a high regard for each other's business abilities over a period of years. Plaintiff testified that he "was looking for someone that had Mr. Guyer's [defendant's] ability," and that things were handled in an "informal way," "with a handshake." There is uncontradicted evidence that plaintiff offered defendant, as an inducement to move to Oregon, a salary of $1,500 per month, a percentage commission on loans handled by defendant, and "expenses." In addition, plaintiff testified he "volunteered" $4,000, the amount of which is represented by the fourth promissory note, to facilitate defendant's move to Oregon. The evidence clearly shows, and plaintiff admits, that his corporation, Hassan Enterprises, Inc., was in financial trouble and he was in dire need of finding someone to assist him

in this respect. The defendant had a background of several years in the savings and loan industry.

Pertaining to the $5,000 moving bonus, the defendant testified that he had a conversation with the plaintiff and that the plaintiff wanted him to move to Portland and go to work "as soon as at all practical," and in order to offset any loss the defendant might sustain in the sale of his home and furniture, "he [plaintiff] would set this $5,000 sum aside as a replacement for that loss. And as far as I'm concerned, I considered that sum as bonus—a moving bonus." The plaintiff and defendant discussed this matter. The plaintiff argues in his brief that the only inference which could be drawn from the record is that plaintiff only "guaranteed reimbursement for any expenses or losses which occurred in his [defendant's] move from Los Angeles to Oregon up to $5,000." This is an inference which the trial court chose to reject.

■ While the evidence is not overwhelming, we believe that there is evidence to support the trial court's findings that plaintiff agreed to pay defendant a special bonus of $5,000 as an inducement or bonus for defendant to accept plaintiff's offer of employment and to cover him on a forced sale of his home and furniture.

Plaintiff also contends that the trial court erred when it found that defendant was employed by plaintiff personally rather than by the corporation, Hassan Enterprises, Inc. Plaintiff argues that the fourth promissory note in the amount of $4,000 "was personal in nature as required by law[2] and * * * should have

_____

[2] Plaintiff contends that the financial arrangement with defendant was handled on a personal basis because ORS 57.226 prohibited loans to officers of the corporation. The statute merely states that "[u]nless such a transaction is authorized by the af-

no evidentiary effect" on the nature of defendant's relationship with plaintiff. The trial court, at the conclusion of the case, stated:

> "That then leaves $5,000 in cash—or a deposit on moving—as a moving bonus—and the issue is specifically denied by Mr. Hassan and was testified to—unequivocally—to by Mr. Guyer. I want to think about that $5,000 matter before I decide.
> \* \* \*."

The trial court made the following finding from the bench:

> "I think that I'm satisfied that it was a very informal relationship that commenced the entire transaction. And based upon the testimony of both of the parties, the critical time period was in California when the initial contract was made regarding coming to Portland. I see nothing that changes the basic relationship between the parties which had existed for a period of time, and that is the—is demonstrated to me by the discussion of the fourth note. I find, therefore, on that basic question that the relationship which was established at that time was not in a representative capacity and that Guyer did in fact initially commence his employment with Hassan based upon a personal relationship rather than a corporate relationship. And from that, then, it follows that their relationship was outside the corporation."

■ We are satisfied that there is substantial evidence to support the trial court's finding that the relationship between the parties remained a personal relationship rather than a relationship between Hassan Enterprises, Inc., and defendant through October of

---

firmative vote of the holders of at least three-fourths of the shares entitled to vote, no loans shall be made by a corporation to its officers \* \* \*." This argument was not made before the trial court and there are no corporate records to show that defendant was or was not a corporate officer.

1972 and that the plaintiff personally agreed to pay a $5,000 moving bonus to defendant. Accordingly, the trial court did not commit error in its findings nor were they "clearly erroneous."[9]

Affirmed.

---

[9] Plaintiff contends that the trial court's findings, although supported by "some evidence," are "clearly erroneous." Plaintiff relies upon United States v. Oregon State Medical Soc., 343 US 326 (1952), an action commenced under the Sherman Anti-Trust Act and under the Federal Rules of Civil Procedure. This case is inapplicable, and plaintiff's contention is without merit.