Argued August 21, affirmed October 28, reconsideration denied
December 3, 1975, petition for review denied January 13, 1976

THOMAS, *Appellant, v.* PENFOLD ET AL
(No. 74-5014, CA 3923), *Respondents.*
541 P2d 1065

*Larry R. Roloff*, Eugene, argued the cause and filed the briefs for appellant.

*David Jensen*, Eugene, argued the cause for all respondents except Clay Myers. With him on the brief were Hammons, Phillips & Jensen, Eugene.

No appearance for respondent Clay Myers.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

The trial court denied relief to contestant in an election contest, brought under ORS 251.025, in which contestant sought to set aside the September 17, 1974, voter approval of the budget for Lane County School District 4J. The trial court awarded judgment against contestant for $3,150 attorney fees, with $2,000 thereof as a judgment against the sureties on the $2,000 bond

required to be furnished by contestant under ORS 251.060(1). Contestant appeals, making ten assignments of error.

■ Contestees moved to dismiss the appeal on the ground of mootness. It is conceded that the moneys approved by the voters in the election have been either paid out or obligated as of July 1, 1975. Contestees argue that there is nothing upon which a mandate of this court could operate because the expended tax dollars cannot be refunded. We are precluded from dismissing this appeal on that ground by *Kelite Prod., Inc. v. Brandt et al,* 206 Or 636, 294 P2d 320 (1956), which held that if all else is moot, possible liability on a bond is sufficient to prevent mootness.

■ An election contest is held in this state to be a law action, tried by the court without a jury. *Hartman v. Young,* 17 Or 150, 20 P 17, 11 Am St R 787, 2 LRA 596 (1880). "* * * The findings of the trial court must stand as the verdict of a jury * * *." *Hughes v. Holman,* 23 Or 481, 485, 32 P 298 (1893); ORS 17.-435.

■ In appeals from actions at law, Court Rule 6.18①

---

· ①

"In appeals in actions at law, no alleged error of the trial court will be considered on appeal unless regularly assigned as error in the appellant's (or cross-appellant's) opening brief, except that the appellate court may take notice of errors of law apparent on the face of the record.

"Each assignment of error shall be clearly and succinctly stated under a separate and appropriate heading. The assignment of error must be specific and must set out verbatim the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered.

"The arrangement and wording of assignments of error so far as applicable, together with reference to page of the transcript or narrative statement, shall conform to illustrations in Appendix D.

of this court provides that only errors of the trial court properly assigned as error will be considered by this court. The rule requires that the assignment of error must be specific and must set out verbatim the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not ordinarily be considered. *See, McPherson v. Cochran,* 243 Or 399, 414 P2d 321 (1966); *Quillin v. Peloquin,* 237 Or 343, 391 P2d 603 (1964).

None of contestant's assignments of error complies with the court rule which requires that each be specific and set forth verbatim the pertinent portions of the record. In addition, contestant failed to comply with Rules 6.17 and 6.22 by failing to mention evidence favorable to contestees in the statement of the case. *See Elvalsons v. Industrial Covers, Inc.,* 269 Or 441, 525 P2d 105 (1974).

■ Nevertheless, as in *Elvalsons,* to prevent any miscarriage of justice, we have examined the record to determine whether the evidence provides a substantial basis for the judgment. *Cronn v. Fisher,* 245 Or 407, 422 P2d 276 (1966). At trial the standard of proof was whether the violations alleged were proved by clear and convincing evidence. *Thornton v. Johnson,* 253 Or 342, 453 P2d 178, 454 P2d 647 (1969); *Putnam v. Milne,* 13 Or App 540, 511 P2d 442 (1973). Our examination of the record reveals that there is substantial evidence supporting the trial court's determination that contestant failed to prove by clear and convincing evidence that any of the alleged violations were "deliberate and material" as re-

---

"Where several assignments of error present essentially the same legal question, they shall be combined so far as practicable." Rule 6.18, Rules of Procedure, Oregon Supreme Court and Court of Appeals (1974).

quired by ORS 251.025(1) or "capable of affecting the result of the election" as required by ORS 251.080(5).

■■ Also, we have examined the record in connection with contestant's allegation that the reexamination of the election returns of several precincts by the counting board at the request of the director of elections was a second "recount" in violation of ORS 251.540.[2] The director of elections requested the reexamination when it became apparent to him that the counting board had made an obvious error in the compilation of its tally sheet. While still in existence *the same board* was asked to recheck its count and tally sheet to be certain they were correct. The counting board then corrected the error and duly certified the count. Such a reexamination by the counting board of its own work product during the single recount instituted and authorized by statute was within its authority and did not constitute a violation of the statute. It was the board's duty to determine with maximum possible accuracy that the election results reflected the will of the electorate expressed by them in conformity with the election law.

■ The award of attorney fees was proper, ORS 251.060(2); *Bagley v. Beaverton School District,* 12 Or App 377, 382-84, 507 P2d 39 (1973), and, as contestees concede, limited to $2,000 against the sureties.

Affirmed.

---

[2] ORS 251.540 provides:

"(1) Only one recount shall be made for any measure or public office for which a recount may be demanded pursuant to ORS 251.520.