Argued April 5, affirmed June 6, 1978

HILL et ux, *Appellants,*
*v.*
BROWN, *Respondent.*
(TC 76-6332, SC 25350)
579 P2d 243

Sidney J. Nicholson, Florence, argued the cause and filed briefs for appellants.

Robert D. Woods, of Young, Horn, Cass & Scott, Eugene, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, Tongue* and Linde, Justices, and Joseph, Justice Pro Tempore.

LINDE, J.

*Tongue, J., did not participate in the decision of this case.

**LINDE, J.**

Plaintiffs brought an action to recover possession of a parcel of land leased to defendant, alleging failure to pay the rent specified in the lease. Defendant claimed that the rent he had paid was the correct amount due under the lease and in addition pleaded equitable defenses of estoppel and excusable neglect. The trial court found that defendant's interpretation of the lease was correct and entered judgment for defendant, including his costs and attorney fees. Plaintiffs appeal.

The lease in question was made on October 1, 1964. It specified a rental of the property described below at $480 for the first year, payable at $40 a month, and thereafter in the following terms:

> Lessor presently owns a piece of ground in the Southwest corner of Section 2, Township 18, South Range 12, W.W.M., Lane County, Oregon, which is 272 feet in width on the East and along the Easterly edge of U.S. Highway #101, and 629.2 feet deep on the South side and 641.1 feet deep on the North side with the hereindescribed leased premises being the South 102 feet thereof. It is contemplated that lessor will have constructed on the North 170 feet of said lot a service station bordering said highway #101. As consideration for this lease agreement, lessee hereby agrees and promises to pay all of the real property taxes on lessee's portion of the hereindescribed premises and also all real property taxes on that portion of lessor's hereindescribed real property upon which has been constructed a service station not to exceed five hundred ($500.00) dollars per year. The lessee herein is not responsible for real property taxes brought about by the construction of any improvements other than a service station on lessor's portion of the hereindescribed premises. . . .

The crux of the dispute is the construction to be given to the lessee's obligation "to pay all of the real property taxes on lessee's portion of the hereindescribed premises and also all real property taxes on that portion of lessor's hereindescribed real property up on which has been constructed a service station not to exceed five

hundred ($500.00) dollars per year." The question is whether the $500 maximum was meant to place a limit on the rent payable under the entire clause, as defendant maintains, or only that part of the rent measured by the taxes on the property described in the last part of the clause, as plaintiffs contend.

Plaintiffs first argue, without much conviction, that the lease is unambiguous and needed no construction by the trial court. To the contrary, a clause in the form "sum A and sum B not to exceed C" is a classic of ambiguity. Perhaps the insertion of "also" before the second part of the formula favors plaintiffs' interpretation of the clause, but not so much as to make it unambiguous. Second, plaintiffs concede that the party who prepared an agreement, in this case Mr. Hill, has to bear the consequences of its ambiguity. *See, e.g., Quillin v. Peloquin,* 237 Or 343, 346-347, 391 P2d 603 (1964); *Salem King's Products Co. v. Ramp,* 100 or 329, 355, 196 P 401 (1921). See also *Russell v. Sealed Power Corp.,* 278 Or 243, 563 P2d 712 (1977), which similarly involved lease payments measured by taxes, and cases cited *id.* at 247. They nevertheless contend that the trial court reached the wrong conclusion on the evidence before it.

Once it is established that it was correct for the trial court to look to extrinsic evidence of the intent of the parties to an ambiguous agreement, our review in this action is limited to determining whether there was evidence to support the court's conclusion. *See, e.g., Hassan v. Guyer,* 271 Or 349, 532 P2d 227 (1975). We hold that there was such evidence. It would serve no useful purpose to recite it in detail here. Both Mr. Hill and Mr. Brown testified to their recollections of the negotiations in 1964. Defendant stated that he had rejected an earlier draft prepared by plaintiffs that would have required the lessee to pay all property taxes on both portions of the lessor's property, and that the words "not to exceed five hundred ($500.00) dollars per year" were added at his insistence to limit his total liability to that yearly rental. Mr. Hill admitted on

cross-examination that at the time of the negotiations he had told defendant that the taxes by which the rent was measured "shouldn't run over $500," and that defendant then proposed the $500 figure that was added to the quoted clause of the lease. Plaintiffs argued below and in this court that the rental agreement claimed by defendant is not one that Mr. Hill, as a reasonable businessman, would have made. In essence they ask us to reweigh the evidence, but that is not this court's function on appeal. Since there was evidence for either interpretation of the disputed lease, the trial court did not commit error in finding that defendant's version prevailed.

Affirmed.