Argued and submitted May 7 at Pendleton, affirmed June 2, 1980

ZOLLMAN, et al,
*Appellants,*
*v.*
DAWSON, et al,
*Respondents.*

(No. 8173, CA 15360)

611 P2d 1175

Wade P. Bettis, Jr., La Grande, argued the cause and filed the brief for appellants.

Loren M. Ricker, Enterprise, argued the cause for respondents. With him on the brief was Ricker & Ricker, P.C., Enterprise.

[407]

Before Schwab, Chief Judge, and Warden and Warren, Judges.

PER CURIAM.

## PER CURIAM.

We adopt the trial court's opinion which reads in pertinent part:

"This matter comes before the court on a petition to contest the regular city election held in the city of Joseph on November 7, 1978. Petitioners are electors entitled to vote in said election. The named individual respondents were elected to office at the last regular election.

"At trial the standard of proof was whether the violations alleged were proven by clear and convincing evidence. *Thomas vs. Penfold,* 23 Or App 168, 171 [541 P2d 1065] (1975)[*rev den* (1976)]; *Thornton vs. Johnson,* 253 Or 342 [453 P2d 178, 454 P2d 647] (1969). The basis for the heavy burden of proof required of the petitioners is a rule in Oregon that elections should not be disturbed if it can be avoided. The theory being that where people have expressed themselves at the polls, the court should be strongly inclined to uphold, rather than defeat, the will of the people. *Witham vs. McNutt,* 186 Or 668 [208 P2d 459] (1949).

"* * * * *"

"Simply stated the issue is whether or not there was a 'deliberate and material' violation of the election laws at the regular city election held in Joseph in November 1978. The evidence was clear that the city of Joseph had at the regular election its own election precinct and officers. This is contrary to Article II, Section 14-a of the Oregon Constitution, which requires that election precincts and officers be the same for all elections held at the same time. [Footnote omitted.] As a consequence of using its own precincts and officers, the city of Joseph did not comply with many of the other statutory requirements; *i.e.,* the poll books, tally sheets, ballots, ballot stubs, ballot boxes and written statement of challenges were not returned to the Wallowa County Clerk at the conclusion of the election.

"The only participation by the Wallowa County Clerk was a furnishing of the poll books. The poll books were missing the cover page, and as a result the required oaths were not subscribed in the poll books

[409]

by the election board clerks and the ballots were not accounted for in the poll books.

"There was no evidence that there was any 'deliberate' violation of the election laws. A good faith effort was made by the city recorder to conduct the election properly. She was unaware of Oregon election laws, and simply attempted to conduct the election in the fashion and manner in which it had been conducted for many years.

"There is further no evidence that the violation of the election laws by the city of Joseph was 'material.' *Cook vs. Corbett,* 251 Or 263 [446 P2d 179] (1968). Use of separate election officers and precincts were not material violations of the election law; their use simply increased the expenses connected with the election. Most of the other violations, as noted, occurred as a result of using separate officers and precincts, and they were also not material violations of the election law.

"ORS 251.080(5) provides that a measure should not be declared approved or rejected under ORS 251.025(1) (which is being relied upon here) 'unless it appears that the violation was capable of affecting the result of the election.' See *Thomas vs. Penfold,* [*supra* at 172]. The petitioners completely failed in their proof in meeting this requirement. There was no evidence presented by the petitioners that the violations of the election law were 'capable of affecting the result of the election.' In fact the evidence was to the contrary in that it appeared that the violations of the election law did not in any way affect the result of the election.

"In conclusion the contestants failed to prove by clear and convincing evidence that any of the alleged violations were 'deliberate and material' as required by ORS 251.025(1) or 'capable of affecting the result of the election' as required by ORS 251.080(5). * * *"[1]

Affirmed.

---

[1] The Election Code was extensively amended by the 1979 Legislative Assembly. The statutory references in the trial court's opinion are to the statutes as they were prior to those amendments.