**Lou McFARLAND, Appellant,**

v.

**Judith Faust AARON and Carol A. Bennett, Respondents.**

**No. 24091.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 30, 2002.

---

Alex Bartlett, Husch & Eppenberger, LLC, Jefferson City, for Appellant.

Kenneth G. Clayton, Rolla, R. Max Humphreys, Carson & Coil, P.C., Jefferson City, for Respondents.

PHILLIP R. GARRISON, Presiding Judge.

Lou McFarland ("Appellant") complains on this appeal that the circuit court erred in two respects in its "Findings and Judgment" entered following a close general election in which Appellant and Judith Faust Aaron ("Respondent Aaron") were the two declared candidates for the office of public administrator for Phelps County. Appellant claims the circuit court erred by allowing more than one recount of the votes and not ordering a special election after the first recount showed a tie, and by failing to order a manual recount or a special election due to various irregularities in the counts. For the reasons outlined below, we reverse the judgment and remand the cause with instructions for the circuit court to certify, or cause to be certified, the results of the first recount and, if the results of that first recount indicate a tie between the two candidates, order a special election pursuant to § 115.517.3.[1]

While the record in this case is sparse and there was no transcript made of the recount proceedings or any hearings, the parties do agree on several pertinent facts that allow us to make a determination with respect to the points raised on appeal. The original counting of the ballots cast at the general election held on November 7, 2000 showed that Respondent Aaron received three votes more than Appellant in the race for the office of public administrator for Phelps County. Since the three-vote difference represented a less than one percent margin, Appellant filed a petition to request a recount of the ballots[2] pursuant to § 115.601.1, under which "[a]ny contestant in a primary or other election contest who was defeated by less than one percent of the votes cast for the office ... shall have the right to a recount of the votes cast for the office." § 115.601.1. On November 9, 2000, Judge Wiggins[3] signed an order pursuant to § 115.601 commanding the election authority "to prepare its office, records and materials relating to the election for Public Administrator ... for a recount."

Pursuant to that order, Appellant and Respondent Aaron each submitted names

---

1. Unless otherwise noted, all statutory references are to RSMo 2000.

2. Although the petition was never file stamped, the parties agree that Appellant filed the pro se petition with the circuit clerk's office.

3. Judge of Division 2 of the Phelps County Circuit Court.

of observers, and one Democrat and one Republican were chosen. On November 15, 2000, those two observers, Appellant, Respondent Aaron, Judge Wiggins and Carol A. Bennett, the Phelps County Clerk ("Respondent Clerk"), were present for the recount. The record indicates the automatic tabulating equipment was tested prior to the recount as required by § 115.233.

As we interpret a docket entry made by Judge Wiggins on November 15, 2000, the first recount showed a tie; during the first recount, both observers and Respondent Aaron requested that a single precinct be run through the tabulating equipment a second time; that the single precinct was run a second time and showed an additional vote for Respondent Aaron; and that Judge Wiggins then ordered Respondent Clerk to re-run all of the ballots (the second recount), which was done and resulted in a one-vote margin of victory for Respondent Aaron.

In the report of findings filed November 15, 2000, Appellant, Respondent Aaron and the two observers acknowledged that the recount showed Appellant with 7,827 votes and Respondent Aaron with 7,828. This apparently refers to the second recount. The record does not contain any similar report of findings for the tie vote in the first recount. Respondent Clerk, acting in her capacity as election authority for the county, filed a recount certification on November 15, 2000, which stated that she "hereby certified the *attached document* [emphasis added] to be a true, correct and complete abstract of all the votes cast in said county for the public administrator at the November 7, 2000 General Election

and counted one additional time at the recount." [4] Also on November 15, 2000, Judge Wiggins entered "Findings and Judgment" which noted that the recount was conducted pursuant to § 115.601, and that "[Respondent] Clerk has certified the results of said recount and the [c]ourt approves the same." Although the record does not contain an attachment to the judgment, all parties agree that for both the recount certification and the judgment, the referenced certification is of the results of the second recount, which showed that Respondent Aaron won by a margin of one vote.

On December 7, 2000, Appellant filed a "Motion to Amend Judgment or for a New Trial, and in the Alternative, Petition or Amended Petition" against Respondent Aaron and Respondent Clerk. In her motion, Appellant asks that the results of the first recount stand and that a special election be ordered because the result was a tie. In the alternative, Appellant points to numerous irregularities in the counts between the original count, the first recount, and the second recount that are "of sufficient magnitude to place the result of the [e]lection in doubt within the meaning of Section 115.593 ... so that a special election should ... be ordered." Further, Appellant requested that if a special election were not ordered, that a manual recount be ordered.

A hearing on Appellant's motion was held on January 5, 2001. The docket reflects minutes from this hearing and a notation by Judge Wiggins explaining that "the second recount was undertaken at the [c]ourt's direction after the first recount showed two different totals for a single

---

4. Respondent Clerk filed a nearly identical recount certification on November 21, 2000 that contained the language "all the votes cast ... and recounted at the recount[,]" as opposed to the language "all the votes cast ... and counted one additional time at the recount" contained in the document filed November 15, 2000. The change in language does not alter the outcome of this opinion.

precinct; that the votes in said precinct were counted twice at the request of ... [Respondent Aaron] and both of the appointed observers and the total thereof was the same as the first recount (including the second counting of the aforesaid precinct)." Appellant's motion was denied and the record also reflects that Respondents' "[m]otion to dismiss the alternative petition for election contest is argued and sustained for failure to state grounds upon which relief can be lawfully provided."

In her first point, Appellant argues that the circuit court erred by allowing a second recount in that it should have ordered a special election following the first recount pursuant to § 115.517, since those results indicated a tie.[5] The first recount was ordered pursuant to § 115.601.1, under which a contestant defeated by less than one percent of the votes cast for that office has the right to a recount. No party contests that Appellant's petition for, and the judge's ordering of, a recount pursuant to § 115.601 were appropriate. The key is what may or may not occur following such a recount.

The definition of recount for the purposes of § 115.601 is defined within the section itself as "one additional counting of all votes counted for the office or on the question with respect to which the recount is requested." § 115.601.5. As to how many recounts the statute contemplates or allows, we "need only refer to the plain language of the statute for guidance." *State v. Williams*, 857 S.W.2d 530, 533 (Mo.App. S.D.1993). Section 115.601.5 provides no basis for more than one recount. Courts in other states with similarly worded statutes have reached the same

result. *See Thomas v. Penfold*, 23 Or.App. 168, 541 P.2d 1065, 1068 (1975) (only a single recount allowed when statutory language stated that "[o]nly one recount shall be made for any measure or public office for which a recount may be demanded pursuant to [Oregon statute § ] 251.520.")

First, assuming there was no other basis on which Judge Wiggins could have ordered the second recount, Appellant is correct that the tie result of the first recount would invoke § 115.517.3. That statute requires a special election in the event both candidates for this office receive an equal number of votes.

Respondent Aaron argues that it was appropriate for Judge Wiggins to conduct a second recount in the instant case because of the variances among the counts, both overall and within precincts. While we agree that there are circumstances under which the court may order a recount pursuant to § 115.583, such circumstances were not present in this case. Under § 115.583, "[i]f the court ... hearing a contest finds there is a prima facie showing of irregularities which place the result of any contested election in doubt, the court ... shall order a recount of all votes brought in question by the petition or answer." The provision further notes that "[t]he court ... may order a recount of all votes brought in question by the petition or its answer at any time if it finds that the election result is placed in doubt." *Id.*

The petition referenced in § 115.583 is that referred to in § 115.577, the statutory provision that discusses the time in which an election contest may be filed. *See* § 115.577. Under that provision, "[n]ot later than thirty days after the official an-

---

5. Section 115.517.3 provides, inter alia, that "[i]f two or more persons receive an equal number of votes[,] ... the officer with whom such candidates filed their declarations of candidacy shall, immediately after the results of the election have been certified, issue a proclamation stating the fact and ordering a special election to determine which candidate is elected to the office."

nouncement of the election result by the election authority, any person authorized by section 115.553 who wishes to contest the election for any office or on any question provided in section 115.575 shall file a verified petition in the office of the clerk of the appropriate circuit court." *Id.* There is no question Respondent Aaron would be a "person authorized" by § 115.553 to invoke § 115.577. *See* § 115.553.1. However, Respondent Aaron, who requested that at least one precinct be re-run following the first recount, never invoked § 115.577 or 115.583, because Respondent Aaron never filed the petition to which those statutes refer. We find no Missouri case allowing a recount under § 115.583 when no such petition was filed. Thus, without Respondent Aaron filing a petition to invoke the election contest procedures that may, in certain situations, lead to a recount under § 115.583, it was inappropriate for the judge to sua sponte order a second recount.

Therefore, we are left with the results of the first recount, which apparently demonstrated a tie vote—a result that was never certified. Respondent Aaron is correct that under § 115.517, ordering a special election may only take place after the results have been certified. *See* § 115.517.3. In addition, pursuant to § 115.353, since the declaration of candidacy for the office of public administrator was made to the county clerk as the election authority, it is she who is to "issue a proclamation ... ordering a special election to determine which candidate is elected to the office." § 115.517.3; *see also* § 115.353.3.

We therefore remand the cause with instructions for the circuit court to certify, or cause to be certified, the results of the first recount. If the results of that first recount do indeed show a tie between Appellant and Respondent Aaron for the of-

fice of public administrator, a special election must be ordered.

Appellant's second point is that the circuit court erred in dismissing Appellant's alternative petition and thereby failed to order a manual recount or a special election due to various irregularities in the counts. Based on the discussion in point one, we decline to review this point. Appellant also filed a motion to supplement legal file and incorporated suggestions; a motion that was taken with this appeal. That motion is denied.

The judgment is reversed and remanded with instructions for the circuit court to proceed in a manner consistent with this opinion.

PREWITT, J., and PARRISH, J., concur.