NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MORROW EQUIPMENT COMPANY, LLC, foreign Limited Liability Company,

Plaintiff-Appellant,

v.

STONEBRIDGE, INC., a foreign Corporation,

Defendant-Appellee.

No.     20-35945

D.C. No. 6:19-cv-01738-MC

MEMORANDUM\*

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted February 18, 2022
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ZIPPS,\*\* District Judge.

Morrow Equipment Company, LLC, appeals the district court's dismissal of

its First Amended Complaint with prejudice for failure to state a breach of contract

claim.  The district court found that no express contract had been formed because

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

Morrow did not allege in its complaint that Stonebridge had accepted its offer in the manner specified in the Equipment Lease Agreement (ELA)—that is by payment of a deposit. The district court further found that the parties' single prior transaction was insufficient to establish a course of dealing that would support an implied contract. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We review de novo the district court's dismissal of a complaint for failure to state a claim. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). When reviewing the district court's dismissal, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). We review de novo the district court's interpretation and meaning of contract provisions. *Conrad v. Ace Prop. & Cas. Ins. Co.*, 532 F.3d 1000, 1004 (9th Cir. 2008). Under Oregon law, which applies here, the determination whether a contract was formed is a question of law for the court. *Real Estate Loan Fund Or., Ltd. v. Hevner*, 709 P.2d 727, 731 (Or. Ct. App. 1985) (citing *Quillin v. Peloquin*, 391 P.2d 603 (1964)).

1. The district court erred in holding Morrow failed to state a claim for breach of contract. Morrow was not required to allege that Stonebridge paid the contract deposit to show the formation of an express contract. Under Oregon law,

"[a]n offeror may restrict the manner of acceptance, provided [the offeror's] intention to do so is clearly expressed." *Cochran v. Connell*, 632 P.2d 1385, 1387 (Or. Ct. App. 1981). Here, the ELA did not expressly limit or mandate the manner of acceptance. The relevant contract provision states that "[a] deposit retained until project completion . . . shall be paid upon acceptance of order," which does not expressly provide that payment of the deposit is the exclusive means of accepting the agreement. *See Cochran*, 632 P.2d at 1387–88 (concluding contract had been formed on oral acceptance because the signature clause in addendum, while requiring signatures for incorporation of the addendum, did not expressly require a signature for acceptance of the agreement).[1]

2. Further, under Oregon law, because the lease agreement did not expressly limit the mode of acceptance to payment of the deposit, "any action . . . amounting to a manifestation of intent to accept," including Stonebridge's signing of the lease agreement and Morrow's invoicing Stonebridge for the deposit, "would complete the contract." *Cochran*, 632 P.2d at 1388; *see also* Or. Rev. Stat. § 72A.2060 ("Unless otherwise unambiguously indicated by the language or circumstances, an offer to make a lease contract must be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances."); *D'Angelo v.*

---

[1] Morrow raised this argument in district court proceedings and, therefore, did not waive it.

*Schultz*, 823 P.2d 997, 1000 (Or. Ct. App. 1992) ("Unless a different requirement is prescribed in the offer, one *may* accept an offer merely by signifying assent by signing a document[.]"); *Trienco, Inc. v. Applied Theory, Inc.*, 756 P.2d 66, 67 (Or. Ct. App. 1988) (finding acceptance as a matter of law where party invoiced for deposit).

3.  In the First Amended Complaint, Morrow alleged facts which, taken as true and construed in the light most favorable to Morrow, are sufficient to state a claim for breach of contract.  These allegations include the following facts.  Stonebridge signed the ELA and Morrow countersigned the agreement.  Morrow's usual practice is to send an invoice for the deposit if the deposit is not paid immediately, and Stonebridge is familiar with Morrow's policy from its prior dealings with Morrow.  About three months later, Stonebridge, while acknowledging the existence of the agreement, notified Morrow that Stonebridge was not going to perform under the contract.

4.  Because we conclude that the district court erred in holding Morrow failed to state a claim for breach of an express contract, we do not address its further finding—that the parties' single prior transaction was insufficient to establish a course of dealing that would support an implied contract.

**REVERSED AND REMANDED.**

4